UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MOORE, III,

    Plaintiff,

v.                                                     Case No. 3:19cv4824-LC-HTC

WALKER CLEMONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.  ECF Doc 1.  The complaint is now before the Court for preliminary screening under 28 U.S.C. § 1915A.  For the reasons which follow, the undersigned respectfully recommends that this action be dismissed as malicious for abuse of the judicial process.  Specifically, Plaintiff failed to disclose at least four (4) prior cases he had filed, including a case that was dismissed for failure to state a claim.

Plaintiff's complaint was filed on the Court's official form for § 1983 actions by prisoners.  ECF Doc. 1.  At the end of the complaint form, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING

ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." *Id.* at 7. Despite that declaration, Plaintiff made several false representations on the complaint form.

Section IV of the civil rights complaint form, titled Previous Lawsuits, asks: "C. Have you initiated other actions… in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and "D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 1 at 5. The form requires Plaintiff to identify and describe any cases responsive to the questions.

Plaintiff checked "Yes" in response to the first question and identified one (1) case he initiated that is currently pending in the Middle District of Florida, *see Moore v. Neel, et al.*, Case No. 3:17cv503-TJC-PDB (M.D. Fla. 2017), and checked "No" in response to the second question. Thus, Plaintiff swore that, at the time he filed his complaint on November 24, 2019, he had filed only one (1) federal case related to the fact or manner of his incarceration, and had not had any federal cases dismissed as frivolous, malicious, failing to state a claim, or before service.

Plaintiff's representations to the Court, however, were not truthful or accurate. To the contrary, at the time Plaintiff filed his complaint, Plaintiff had filed at least

four (4) prior civil rights cases alleging claims arising out of the conditions of his confinement, including at least one that was dismissed for failure to state a claim and before service.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff filed his complaint on November 24, 2019, he had filed under his name and Florida Department of Corrections registration number, V02153, the following cases, which he failed to disclose to the Court:

*Moore v. Clemons*, Case No. 3:19cv1335-TJC-PDB (M.D. Fla. 2019) (dismissed for failure to state a claim upon which relief may be granted and before service).

*Moore v. Woodall, et al.*, Case No. 3:19cv747-MMH-PDB (M.D. Fla. 2019) (currently pending in the Middle District of Florida).

*Moore v. Inch, et al.*, Case No. 5:19cv419-TKW-MJF (N.D. Fla. 2019) (currently pending in the Northern District of Florida).

*Moore v. Ellis, et al.*, Case No. 3:19cv4825-MCR-EMT (N.D. Fla. 2019) (filed by Plaintiff on the same day as the present action and currently pending in the Northern District of Florida).

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions. He did not disclose these actions even though three (3) are still pending, and two (2) of those three (3) cases are pending in this District.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[1] ECF Doc 1 at 4. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case

---

[1] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 3:19cv4824-LC-HTC

without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) as malicious for Plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

Done in Pensacola, Florida, this 3rd day of February, 2020.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.